FOX VALLEY REPRODUCTIVE HEALTH CARE CENTER, INC., Plaintiff,

v.

John ARFT, Clyde Coenen, John Stevens, Leslie Woldt, and Herbert Ziegler, Defendants and Third-Party Plaintiffs.

TOWN OF GRAND CHUTE, Defendant,

v.

Peter PETROS, Third-Party Defendant.

No. 78–C–28.

United States District Court, E. D. Wisconsin.

April 12, 1979.

Herrling, Swain, Drengler & McCanna by Robert W. Swain, Jr., Appleton, Wis., for plaintiff.

Sigman, Shiff, Janssen & Zoesch by Thomas J. Janssen, Appleton, Wis., for third party defendant.

Herrling, Clark, Hartzheim & Siddall by Roger W. Clark, Appleton, Wis., Borgelt, Powell, Peterson & Frauen by Donald R. Peterson, Milwaukee, Wis., for defendants and third-party plaintiffs.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Numerous individuals and the Catholic Charities of the Diocese of Green Bay have filed a petition, pursuant to Rule 24, Federal Rules of Civil Procedure, to intervene as defendants in this action which challenges chapter 22 of the ordinances of the Town of Grand Chute as an unconstitutional restriction on the plaintiff's operation of a clinic which provides first trimester abortions and other maternal care in the Town of Grand Chute. · The plaintiff opposes the petition to intervene.

The proposed intervenors place themselves in 6 categories: (1) the "Grand Chute" petitioners, consisting of "qualified electors of the Town of Grand Chute;" (2) the "parental" petitioners, consisting of "parents of minor female children living within the probable service area of the plaintiff abortion clinic;" (3) the "spousal" petitioners, consisting of "husbands of women of child bearing age living within the probable service area of the plaintiff abortion clinic;" (4) the "health care provider" petitioners, consisting of "persons involved in the delivery of health care services to persons living within the probable service area of the plaintiff abortion clinic;" (5) the "adoptive parents" petitioners, described as "persons seeking to adopt infant children within the geographical area served by public and private adoption agencies handling infants within the proposed service area of the plaintiff abortion clinic;" and (6) the "human services agency" petitioner, also known as the Catholic Charities of the Diocese of Green Bay, Inc., a non-profit Wisconsin corporation.

■ All of the petitioners claim to be entitled to intervene as a matter of right under Rule 24(a)(2). That rule sets forth a three-part test for intervention as a matter of right: (1) the petitioner must claim an interest relating to the property or transaction that is the subject of the action; (2) the petitioner must be so situated that disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest, and (3) the petitioner's interest must be inadequately represented by existing parties. 7A Wright & Miller, Federal Practice and Procedure, Civil: § 1908, p. 495. On timely application, a person seeking to intervene who has met these three conditions shall be permitted to do so.

■ In my opinion, the interests of these petitioners are too remote and general to support their entry into the case as a matter of right. The Grand Chute petitioners, for example, are simply voters who support the legislation their elected representatives promulgated. As voters, under our constitutional scheme of representative government, the Grand Chute petitioners' interests in legislation are represented by their elected representatives. No voter may claim a "significantly protectable interest" in every piece of legislation he supports so as to entitle him to intervention as a matter of right in a case to review the constitutionality of the legislation. *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

The other petitioners for intervention have no more direct an interest in this case than do the Grand Chute petitioners. Although they are concerned with the enforcement of specific provisions of the ordinance, their interest for Rule 24(a)(2) purposes is no different from that of the general public. Rule 24(a)(2) is not a device through which cases raising issues of public importance may be opened up for public debate. Furthermore, the petitioners' lack of an actual case or controversy with the plaintiffs makes this court's subject matter jurisdiction over their claims or defenses doubtful. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

For these reasons, the motion to intervene as a matter of right will be denied.

The petitioners have also requested leave to intervene under Rule 24(b), Federal Rules of Civil Procedure, under which the court may permit intervention in its discretion to a party whose claim or defense raises legal or factual questions in common with the main claim. In my opinion, the lack of a clear legal dispute between these petitioners and the plaintiffs prevents my finding that their claim or defense is truly in common with the legal or factual issues raised by the principal claim and defense. Therefore, permissive intervention will also be denied.

Therefore, IT IS ORDERED that the petition to intervene be and hereby is denied.