**The STATE OF IDAHO et al.,**
Appellees, and

**Claude L. Oliver, etc. et al., Appellees,**

v.

**Rear Admiral Rowland G. FREEMAN, III Administrator of General Services Administration, Appellee, and**

**National Organization for Women et al., Applicant for Intervention-Appellant.**

No. 79–4844.

United States Court of Appeals, Ninth Circuit.

Aug. 15, 1980.

Thomas J. Hart, Lippman & Hart, Washington, D. C., argued, for appellant.

Larry K. Harvey, Chief Deputy, Boise, Idaho, Michael P. Farris, Spokane, Wash., argued, for appellees.

Before ELY and POOLE, Circuit Judges, and REDDEN *, District Judge.

POOLE, Circuit Judge:

The National Organization for Women (NOW) appeals from the denial of its motion to intervene pursuant to Fed.R.Civ.P. 24 in a suit challenging procedures for ratification of the proposed Equal Rights Amendment (ERA) to the Constitution of the United States. The States of Idaho and Arizona and over eighty members of their respective state legislatures are plaintiffs in this action against the Administrator of the General Services Administration (GSA), the agency which performs ministerial tasks in connection with the amendatory process. The district court had previously allowed four members of the legislature of the State of Washington to intervene as additional plaintiffs, but denied NOW's application on October 10, 1979.

 Intervention of right requires a timely showing that the applicant possesses an interest relating to the property or transaction which is the subject of the suit and is so situated that the disposition of the suit may as a practical matter impair the ability to protect that interest, and in addition that the applicant's interest is not adequately represented by the existing parties. Fed.R.Civ.P. 24(a)(2); *County of Fresno v. Andrus*, 622 F.2d 436 at 438, slip op. at 4002 (9th Cir. 1980); *Blake v. Pallan*, 554 F.2d 947, 951 (9th Cir. 1977).

We hold that NOW has such an interest in the continued vitality of ERA, which would as a practical matter be significantly impaired by an adverse decision and which is incompletely represented here. Consequently, the district court erred in denying intervention, and its order of October 10, 1979, is reversed. The stay of proceedings previously entered by this Court is hereby vacated and the mandate shall issue forthwith.

REVERSED.

* Honorable James A. Redden, United States District Judge for the District of Oregon, sitting by designation.