**NEWS AND SUN–SENTINEL CO., etc., Plaintiff,**

v.

**Robert O. COX, et al., Defendants.**

No. 88–6271–Civ.

United States District Court,
S.D. Florida.

Nov. 23, 1988.

Wilton L. Strickland of Ferrero, Middlebrooks, Strickland & Fisher, Fort Lauderdale, Fla., for plaintiff NSS.

Dennis Lyles, City Atty., Fort Lauderdale, Fla., for defendants Cox, et al.

Laura Besvinick of Greer, Homer, Cope & Bonner, Samuel Terilli, Gen. Counsel, Miami, Fla., for the Herald.

MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE TO FILE AN AMICUS CURIAE MEMORANDUM OF LAW

HASTINGS, District Judge.

THIS CAUSE comes before the Court on a motion by the Miami Herald Publishing Company (hereinafter referred to as the "Herald") for leave to file an *amicus curiae* post-trial memorandum. This motion is DENIED for the reasons set forth below.

1. On April 11, 1988, this action was brought by the News and Sun–Sentinel Company (hereinafter referred to as "NSS") to enjoin the City of Fort Lauderdale from enforcing Florida Statute § 337.406 from banning the sale of newspapers on right-of-ways and state maintained roads.

2. On April 12, 1988, the Herald published an article detailing the facts of this lawsuit. The Herald reported that the NSS challenged the ban on street vendors by filing an action in federal court. See Appendix A attached to this opinion.

3. This Court held a hearing on NSS's motion for temporary restraining order on April 18, 1988 and an order enjoining the City of Fort Lauderdale from enforcing the statute was issued on April 19, 1988.

4. On April 19, 1988, the Herald reported, "U.S. District Judge Alcee L. Hastings told the newspaper's lawyers their case is weak, but he granted their request for a temporary restraining order. A full hearing will be held soon." The Miami Herald, April 19, 1988, at 2D, col. 5. See Appendix B attached to this opinion.

5. On April 25, 1988, this Court held a hearing on NSS's motion for preliminary injunction and granted the motion.

6. On April 26, 1988, in the third published article, the Herald reported that this Court allowed the parties to file written memoranda. The Miami Herald, April 26, 1988, at 2B, col. 5. See Appendix C attached to this opinion.

7. Discovery by the parties proceeded and several motions were filed during the next few months.

8. This Court issued an order on September 28, 1988 setting the matter for a two-day, bench trial beginning on October 25, 1988. The trial was held without the appearance or participation of the Herald.

9. Despite the fact that the Herald was well aware of this lawsuit's existence and its knowledge that the final result in this case was still uncertain, it chose to remain silent until two weeks *after* the trial was completed.

10. On November 9, 1988, the Herald filed a "Motion for Leave to File Post–Trial Memorandum of *Amicus Curiae* the Miami Herald Publishing Company". The motion asserts that it was not "affected" by this case until September 1988, over one month before this cause was tried, when the Herald instituted a news vendor program of its own.

11. On November 15, 1988, NSS filed its response to the Herald's motion for leave to file *amicus curiae.* NSS strongly objects to granting leave to file.[1]

12. *"Amicus curiae"* means "friend of the court."

> A person with strong interest or views on the subject matter of an action may petition the court for permission to file a brief, ostensibly on behalf of a party but actually to suggest a rationale consistent with its own views. Black's Law Dictionary 75 (5th ed. 1979).... Inasmuch as an *amicus* is not a party and 'does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus.*'

*Linker v. Custom–Bilt Machinery, Inc.,* 594 F.Supp. 894, 897 (E.D.Pa.1984); *see also, Donovan v. Gillmor,* 535 F.Supp. 154, 159 (N.D.Ohio 1982), *citing, Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir.1970).

13. At this late date, the Herald's attempt to befriend the Court must fail. The Herald did not participate in any of the

---

1. Rule 36, Sup.Ct.R., allows the filing of *amicus curiae* briefs before the United States Supreme Court. The rule, however, states that "[a] motion for leave to file such a brief when consent has been refused is not favored." Rule 36.1, Sup.Ct.R. "A private individual or organization having sufficient interest and a good reason for presenting an *amicus* brief should first attempt to secure the consent of all parties, thus obviating the need for presenting any motion to the Court." R. Stern, E. Gressman & S. Shapiro, Supreme Court Practice 395 (6th ed. printing 1986). Here, the Herald has not provided any support for its failure to secure the consent of the parties.

pre-trial proceedings before this Court despite the availability of a number of opportunities. Further, "acceptance of an ... *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest, or unless the Court feels that existing counsel need assistance." *Donovan*, 535 F.Supp. at 159. This Court finds that counsel for both NSS and the City of Fort Lauderdale have done a satisfactory job in their presentations and the Herald's untimely request "as well as its failure to give adequate justification for any delay" warrants a denial of the motion. *Eastern Kentucky Welfare Rights Organization, et al. v. Shultz*, No. 1378–71, slip op. (D.C. Cir. January 28, 1974) [1974 WL 506].

Accordingly, the Herald's motion is DENIED and the Clerk of Court is instructed not to accept for filing the Herald's memorandum of law.

DONE AND ORDERED.

## APPENDIX A
### 4B The Miami Herald/Tuesday, April 12, 1988
### Newspaper challenges ban on street vendors

By GERALD DAVIS
*Herald Staff Writer*

The Fort Lauderdale News/Sun–Sentinel kept its vendors off the city's streets Monday after a crackdown in which the newspapers' single-copy sales manager was cited for selling newspapers in traffic.

The newspaper challenged the crackdown Monday in federal court in Fort Lauderdale. It charged that the city violated constitutional provisions for press freedom and equal protection under the law.

Wilton L. Strickland, an attorney for the News/Sun–Sentinel, said he expects a hearing next week on the request to block the city from banning the street vendors.

The suit said the city commission did not give proper notice that it would act against the vendors at its April 5 meeting. Commissioners acted after hearing complaints that the vendors pose a distracting, unsavory and sometimes threatening presence in traffic.

The city ban uses two state traffic statutes and applies to all solicitations conducted in roadways.

Fort Lauderdale's crackdown began Monday with warnings that violators would receive $32 citations.

The News/Sun–Sentinel had vowed to test the legality of the ban and put its single-copy sales manager, Jerry Lewis, on the corner of Broward Boulevard and Federal Highway Monday morning to sell papers in defiance of the law. He was warned by officers about 7 a.m. and then cited at around 8:25 a.m., police said.

The paper's lawsuit says the vendors sell between 10,000 and 14,000 papers daily and Sunday and that between 61 and 65 percent of those sales are in Fort Lauderdale.

Besides the newspaper vendors, police spokesman Ott Cefkin said some individuals soliciting for muscular dystrophy research at the Gateway Center on Sunrise Boulevard also were given warnings Monday.

## APPENDIX B
### 2D The Miami Herald/Tuesday, April 19, 1988
### Court gives paper vendors reprieve

The Fort Lauderdale News/Sun–Sentinel won a reprieve Monday against a City of Fort Lauderdale ban on paper-selling vendors when a federal judge issued a temporary order that puts vendors back on busy streets.

U.S. District Judge Alcee L. Hastings told the newspaper's lawyers their case is weak, but he granted their request for a temporary restraining order. A full hearing will be held soon.

## APPENDIX C
### 2B The Miami Herald/Tuesday, April 26, 1988
### Paper vendors' reprieve extended

A federal judge Monday extended an order that allows vendors to sell The Fort Lauderdale News/Sun Sentinel from the medians of busy Fort Lauderdale streets, but he withheld judgment on a City Commission vote to curb sales.

U.S. District Judge Alcee L. Hastings imposed a preliminary injunction on a law banning the vendors, allowing lawyers to file written arguments.