**Ray RUSSELL, Angelo Rainaldi, John Gulic, and Edward Hess, Plaintiffs,**

v.

**THE BOARD OF PLUMBING EXAMINERS OF THE COUNTY OF WESTCHESTER and the County of Westchester, Defendants.**

**No. 98 CIV. 0725 CLB.**

United States District Court, S.D. New York.

Nov. 16, 1999.

Kim Berg, Lovett & Gould, White Plains, NY, for Plaintiffs.

Hillary J. Raimondi, Westchester County Attorney's Office, White Plains, NY, for Defendants.

Robert M. Kerrigan, New York City, for Amicus.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

By motion filed on October 13, 1999, fully submitted and heard on November 5, 1999, defendants Board of Plumbing Examiners of the County of Westchester and the County of Westchester move for reconsideration of the portions of the Court's Order of September 28, 1999, which award fees for *amicus curiae,* United Plumbers of Westchester, Inc., a trade association comprised of Master Plumbers operating in Westchester County, as a prevailing party, and declare Defendants in violation of § 7(a) of the Privacy Act. Plaintiff filed answering papers agreeing to the need for clarification of the § 7(a) issue and declining to take a position on the fee issue. *Amicus curiae* United Plumbers of Westchester, Inc. filed opposition papers on November 1, 1999. Defendants filed reply papers on October 28, 1999.

By Memorandum and Order dated September 28, 1999, this Court granted summary judgment for Plaintiff on its Privacy Act Claims. Familiarity with this decision is assumed. In that opinion this Court held that Plaintiffs and the *amicus curiae* were prevailing parties at least in part and are entitled to reasonable legal fees upon submission of supporting documentation.

Defendants now argue that as a matter of law *amicus curiae* are not entitled to fees under 42 U.S.C. § 1988. Defendants also claim that the Court's decision is con-

tradictory as to Defendants' violation of § 7(a) of the Privacy Act.

## DISCUSSION

Reconsideration and re-argument is appropriate because Defendants did not have the opportunity to argue whether the *amicus curiae* is entitled to fees.[1]

Defendants argue that *amicus curiae* can not be considered a prevailing party for purposes of awarding attorney's fees. Their brief, however, supports this contention only with a Southern District of New York decision and a single decision of the Fifth Circuit [*Morales v. Turman, et. al., v. American Orthopsychiatric Association et al.,* 820 F.2d 728 (5th Cir.1987) ]. That latter case has been cited only four times in the twelve years since it was decided and does not represent Second Circuit authority. The Southern District case, *Patricia Cosgrove v. Sears, Roebuck and Co.,* 1996 WL 99390 (1996), states that "there is no authority in this Circuit awarding fees for an amicus." *Id.* at *4–5. As its support for this proposition, the *Cosgrove* decision cites *Wilder v. Bernstein,* 965 F.2d 1196 (2d Cir.1992). The *Wilder* decision, however, concerned fees for *intervenors,* and discussed amicus curiae only in dicta. *Id.* at 1203 ("ruling that present intervenors are prevailing parties will not open the flood-gates to *amicus* curiae, good samaritans [sic], or even litigious meddlers so that they may 'team up' and overburden the non-prevailing party with excessive attorneys' fees.").

Neither *Cosgrove* nor *Wilder* may be read as a flat holding that such fees are barred as a matter of law. In any event, insofar as concerns *Cosgrove,* this Court is not required to follow the decisions of co-

---

1. *Amicus Curiae* also argue that re-argument is appropriate because the issue of whether County Law § 236 violates Art. IX, § 2(d) of the New York State Constitution and the Home Rule, N.Y. Mun. Home Rule Law §§ 10–11 (McKinney 1994) was not briefed before this Court. This Court raised the issue during the oral argument on the summary judgment motion on September 17, 1999.

While the Plumbing Licensing Law may have been enacted in violation of the New York State Constitution and the Home Rule Law, this Court concludes on reflection that neither Plaintiffs nor *amicus curiae* have standing to raise this issue. Only a local municipality which wishes to license plumbers can raise this challenge to the Plumbing Licensing Law.

ordinate district judges. See *United States v. Birney*, 686 F.2d 102, 107 (2d Cir.1982) ("Thus, judges of coordinate jurisdiction are not bound by each others rulings, but are free to disregard them if they so choose."); *see also Gasperini v. Center For Humanities, Inc.*, 518 U.S. 415, 430 n. 10, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("If there is a federal district court standard, it must come from the court of appeals, not from the over 40 district court judges in the Southern District of New York, *each of whom sits alone and renders decisions not binding on the others.*"). (Emphasis Added)

█ The *amicus curiae* in this case, the United Plumbers of Westchester, Inc., is a trade association whose members are vitally interested in the issues which were before the Court. Its counsel contributed to the Plaintiffs' victory. This rationale is sufficient to justify reasonable compensation and blurs any technical distinction between intervenors and *amici.*

█ Participation as *amicus curiae*, as opposed to becoming an intervenor, is appropriate when the party cares only about the legal principles of the case, and has no personal, legally protectable interest in the outcome of the litigation. Moore's Federal Practice Digest 3d § 24.23[2]. Here, the *amicus* probably has such an interest, and could have sought intervention, but chose to appear as *amicus*. The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public. The *amicus* cannot raise or implicate new issues that have not been presented by the parties. The *amicus* cannot assume a fully adversarial position, and is precluded from engaging in adversarial activities such as motions to compel. Moore's 3d. § 327.11[2]. Nor may the *amicus* take an appeal. The Court has the discretion to determine the extent and manner of the participation of an *amicus*.

*United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 992 (2d Cir. 1984).

█ A court can allow *amici* to call their own witnesses and cross examine the witnesses of other parties, but need not do so. An intervenor, on the other hand, can act in every way like a party. An intervenor can, but an *amicus* cannot, block settlements by refusing to sign, take discovery, make independent motions, or appeal. *Id.*

The present case did not reach a stage where the differences between an *amicus* and an intervenor would matter. *Amicus* here did not have need to seek independent discovery or make additional motions since it was foreseeable that the lawsuit would be resolved as a matter of law. No settlement was negotiated. Had this case proceeded to trial, *amicus* then could have chosen to seek leave to intervene.

In the circumstances of this case there is no reason why the *amicus* should not be treated the same as an intervenor, and fairly compensated. To do so will not open the flood-gates to litigious meddlers as the *Wilder* court feared.[2]

Defendants also claim that this Court held improperly that they violated § 7(a) of the Privacy Act. Section 7(a) states that:

It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

Defendants point to the portions of the Court's decision which recognize that individuals, including plaintiff Russell, were able to receive a County-wide license without actually submitting their W–2 tax form or Social Security number. Defendants claim that this fact contradicts and precludes a finding that Defendants violated

**2.** To permit the *amicus* trade association, an organization vitally affected by the outcome of the case, to move to intervene *nunc pro tunc* so as to get paid would be exalting form over substance.

352

§ 7(a). While it is true that some individuals were able to receive their license without submitting their Social Security number, an ordinary person following the published instructions issued by Defendants would not have known that this was possible. The submission of W–2 forms and Social Security numbers as part of the application process was presented to the public as a requirement, not an option. The fact that this requirement was not enforced against those individuals diligent enough to question its validity is of no relevance.

### CONCLUSION

For the foregoing reasons, *amicus curiae* remains entitled to attorney's fees as a partially prevailing party. The fee award is extended to include time spent defending the fee award portion of this motion, and counsel for the *amicus* may submit evidence of the total lodestar.

The Court also adheres on re-argument to its prior decision that Defendants violated § 7(a) of the Privacy Act.

SO ORDERED.