**Elouise Pepion COBELL, et al., Plaintiffs,**

v.

**Gale A. NORTON, Secretary of the Interior, et al., Defendants.**

**No. CIV.A. 96–1285 RCL.**

United States District Court, District of Columbia.

March 3, 2003.

**60**

J. Christopher Kohn, U.S. Dept. of Justice, Commercial Litigation Branch, Wash-

ington, DC, Brian L. Ferrell, U.S. Dept. of Justice, ENRD, Washington, DC, Mark E. Nagel, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Atty.'s Office, Washington, DC, Charles Walter Findlay, III, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, Sandra Peavler Spooner, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, John Charles Cruden, John Stemplewicz, U.S. Dept. of Justice, Civ. Div., Washington, DC, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Litigation Branch, Washington DC, for Kevin Gover.

J. Christopher Kohn, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, Brian L. Ferrell, U.S. Dept. of Justice, ENRD, Washington, DC, Phillip Martin Seligman, U.S. Dept. of Justice, Civ. Div., Washington, DC, Mark E. Nagel, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Atty.'s Office, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Terry M. Petrie, U.S. Dept. of Justice, ENRD, Gen. Litigation, Denver, CO, Michael John Quinn, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Gino D. Vissicchio, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, Sandra Peavler Spooner, John Warshawsky, David J. Gottesman, Peter Blaze Miller, Mathew J. Fader, John J. Siemietkowsi, U.S. Dept. of Justice, Commercial

Litigation Branch, Washington, DC, John R. Kresse, Timothy E. Curley, U.S. Dept. of Justice, Civ. Div.—Commercial Litigation Branch, Washington, DC, Tracy Lyle Hilmer, U.S. Dept. of Justice, Civ. Div., Washington, DC, Dodge Wells, U.S. Dept. of Justice, Washington, DC, John Stemplewicz, U.S. Dept. of Justice, Civ. Div., Washington, DC, for Dept. of Interior.

J. Christopher Kohn, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, Mark E. Nagel, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Atty.'s Office, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Daniel Gordon Jarcho, McKenna Long & Aldridge LLP, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, Herbert Lawrence Fenster, Michael James Bearman, McKenna Long & Aldridge, LLP, Washington, DC, Sandra Peavler Spooner, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Tracy Lyle Hilmer, U.S. Dept. of Justice, Civ. Div., Washington, DC, Dodge Wells, U.S. Dept. of Justice, Washington, DC, John Stemplewicz, U.S. Dept. of Justice, Civ. Div., Washington, DC, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, for Gale Norton.

Robert D. Luskin, Patton Boggs LLP, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ.

Div., Washington, DC, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, for John D. Leshy.

Robert D. Luskin, Patton Boggs LLP, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, for Edward B. Cohen.

Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Elizabeth Wallace Fleming, Trout & Richards, P.L.L.C., Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, for Michael G. Rossetti.

B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, Tracy Lyle Hilmer, U.S. Dept. of Justice, Civ. Div., Washington, DC,

Dodge Wells, U.S. Dept. of Justice, Washington, DC, for Neal McCaleb.

Amy S. Koch, Cameron McKenna, Washington, DC, for Quapaw Tribe of Oklahoma.

Charles Allen Hobbs, Hobbs, Straus, Dean & Walker, Washington, DC, for National Congress of American Indians.

### *ORDER*

LAMBERTH, District Judge.

This matter comes before the Court on motions by two non-parties, the National Congress of American Indians (NCAI) and the Quapaw Tribe of Oklahoma, for leave to file amici curiae briefs in the instant case. This Court has recently stated that "[a]n amicus curiae, defined as "friend of the court," ... does not represent the parties but participates only for the benefit of the Court. Accordingly, it is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus." *United States v. Microsoft Corp.*, 2002 WL 319366 at *2 (D.D.C.2002) (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir.1997)). In this context, the Seventh Circuit has opined that

> [a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.

*Ryan,* 125 F.3d at 1063.

■ The Court has concluded that the amicus brief submitted by the National Congress of American Indians may be helpful and of interest to the Court in the instant litigation. Although NCAI acknowledges that it is "speaking not for individual Indians but for tribes," it nevertheless persuasively argues that

> [i]t should be of interest to the Court, as it considers the individual claims, to be aware of the Tribes' interest in (1) the Government's handling of tribal trust funds which are in many cases the same kind of trust fund accounts as the ones owned by plaintiffs in the *Cobell* case (even being called by the same name— "IIM accounts"); (2) the Government's handling of trust land and natural resources owned by individual Indians, which, the tribes argue, must be handled consistent with tribal law and applicable federal laws, even when that reduces the income from the trust account; and (3) the Government's handling of trust land and natural resources where the land is owned by both individuals and as a tribe as tenants in common, or where individual and tribal land is jointly managed and leased.

NCAI's Reply Br. at 2. The Court is certainly cognizant that this is a case concerning individual Indian money accounts, not accounts owned by American Indian tribes. Nevertheless, given the broad nature of the relief at issue in Phase 1.5 of this litigation, it does not seem unreasonable for the Court to consider the potential impact that such relief might have on American Indian tribes. Additionally, NCAI notes that although its interests frequently coincide with the interests of the plaintiffs in this litigation, there nevertheless exists the "potential for some disagreement between tribes and the individual plaintiffs" concerning defendants' management of trust land and natural resources. *Id.* at 3. Therefore, despite de-

fendants' characterization of the NCAI amicus brief as "nothing more than a proxy brief filed by a Plaintiffs-amicus-interest group," it is does not appear to the Court that the amicus brief of NCAI would simply repeat the arguments presented by plaintiffs. Defs.' Opp. Br. at 8 n. 3. The Court is mindful of defendants' argument that "[t]he parties to this suit have plenty of pleadings from their opponents to respond to, and should not have to divert their focus from the case in chief to respond to an amicus brief." *Id.* at 10. However, defendants also represent that "the Department of Justice is litigating numerous cases brought by Indian tribes in various courts around the country." *Id.* at 3. Given the fact that there is probably some overlap between the issues raised in these cases and the issues raised in NCAI's amicus brief, and that defendants are free to file motions for extensions of time to file responsive briefs, the Court concludes that it would not constitute an undue burden on defendants to respond to the NCAI amicus brief. Accordingly, the Court will grant NCAI's motion for leave to file its amicus brief.

■ On the other hand, the Court does not believe the filing of an amicus brief by the Quapaw Tribe would necessarily prove helpful to the Court in the instant litigation. First, given that both defendants and plaintiffs have submitted motions opposing the Quapaw Tribe's motion for leave to file, the Court would be overriding the express objections of both parties if it were to grant the Quapaw Tribe's motion. Second, the interests of the tribe are already fully represented because it has filed an independent civil action against defendants. Third, unlike the NCAI, which represents the interests of over 250 American Indian tribes and Alaska Native villages, the Quapaw Tribe represents the interests of only a single tribe. Both plaintiffs and defendants persuasively argue that grant-

ing the Quapaw Tribe's motion would encourage other individual tribes to move for leave to file similar amici briefs, which would unduly expand the already extensive record in this case. Pls.' Opp. Br. at 5–6; Defs.' Opp. Br. at 7. Therefore, the Court will deny the Quapaw Tribe's motion for leave to file an amicus brief in the present case. Accordingly, it is hereby

ORDERED that the motion of the Quapaw Tribe of Oklahoma (O–Gah–Pah) for the admission pro hac vice of Stephen R. Ward and Jason B. Aamodt for the sole purpose of seeking leave to file, and filing, a brief amicus curiae [1753–1] be, and hereby is, GRANTED. It is further

ORDERED that the motion of the Quapaw Tribe of Oklahoma (O–Gah–Pah) to file an amicus curiae brief [1752–1] be, and hereby is, DENIED. It is further

ORDERED that the motion of the National Congress of American Indians for leave to file an amicus curiae brief [1755–1] be, and hereby is, GRANTED. It is further

ORDERED that, pursuant to Rule 83.2(d) of the Rules of the U.S. District Court for the District of Columbia, the motion of the National Congress of American Indians to grant leave for Geoffrey D. Strommer to appear pro hac vice on its behalf in the instant litigation [1756–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' motion for an enlargement of time to file an opposition brief to the National Congress of American Indians' Amicus Brief [1800–1] be, and hereby is, GRANTED. Defendants shall have eleven (11) days from the date of the instant order in which to serve and file a memorandum of points and authorities in opposition to the amicus brief of the National Congress of American Indians. It is further

ORDERED that the Brief for Amicus Curiae National Congress of American Indians, dated January 28, 2003, which is attached as an exhibit to the NCAI's motion for leave to file, shall be filed by the Clerk of Court.

SO ORDERED.