**LIBERTY RESOURCES, INC., Plaintiff,**

v.

**PHILADELPHIA HOUSING AUTHORITY, Defendant,**

v.

**Resident Advisory Board, Inc. Movant.**

**No.  Civ.A. 03–CV–4455.**

United States District Court, E.D. Pennsylvania.

Oct. 11, 2005.

Robert W. Meek, Stephen F. Gold, Philadelphia, PA, for Plaintiff.

Joel M. Sweet, Wolf Block Schorr & Solis–Cohen LLP, Philadelphia, PA, for Defendant.

### *EXPLANATION AND ORDER*

ANITA B. BRODY, District Judge.

In this case, Liberty Resources, Inc. (LRI), a disability rights advocacy group, brings suit against the Philadelphia Housing Authority (PHA). LRI alleges that PHA's administration of its Section 8 program fails to provide sufficient Section 8 housing for applicants with mobility disabilities, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The parties are currently in the process of discovery, and Plaintiff recently filed a motion to compel Defen-

dant to produce certain documents which Defendant claimed would reveal confidential information about Section 8 housing recipients who are not parties to this lawsuit. (*See* Def.'s Resp. Pl.'s Mot. Compel at 7.)

Before me is the motion of Resident Advisory Board, Inc. (RAB) to intervene in this lawsuit pursuant to Federal Rule of Civil Procedure 24. RAB is an advocacy group that represents residents of public housing. RAB learned of Plaintiff's motion to compel and moved to intervene in the lawsuit "to protect the constitutionally guaranteed privacy rights of the residents whose confidential records are specifically sought herein, and for all other Housing Choice Voucher Program residents whose privacy rights might be similarly affected throughout the course of this litigation."[1] (Intervenor Pet. at 5.)

Federal Rule of Civil Procedure 24 provides that a party may, upon timely application, intervene as of right in an action when a statute so provides, or

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless applicants's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). A court also has discretion to allow permissive intervention when a statute permits or "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b).

■ RAB's petition to intervene fails to meet the requirements for either interven-

tion as of right or permissive intervention. I am mindful of the fact that in *ADAPT v. Phila. Housing Auth.*, 2004 WL 1858345 (E.D.Pa. Aug. 10, 2004), a previous litigation between substantially the same parties but involving different issues, Judge Bartle allowed RAB to intervene as of right. *Id.* at *4. However, in granting RAB's motion in *ADAPT*, Judge Bartle did not focus on the confidentiality issues raised here, though they were before him. Rather, noting that "[i]nterests in property are the most elementary type of right that Rule 24(a) is designed to protect," Judge Bartle focused on the fact that PHA might be required to take away public housing units from non-disabled public housing residents (RAB's constituents) to give to people with disabilities. *Id.* at *3. Thus, Judge Bartle granted RAB intervenor status in *ADAPT* mainly because a limited resource was at stake to which RAB's constituents laid claim; RAB's confidentiality concerns were at most an additional supporting reason for granting the petition.

Here, confidentiality concerns about certain discovery sought by Plaintiff are the sole reason for intervention that RAB presents in its motion. Because this issue relates only to discovery and is peripheral to the litigation, RAB fails to present the "sufficient interest in the litigation" that courts have deemed necessary for intervention as of right. *Cf. ADAPT*, 2004 WL 1858345, at *3. Furthermore, because RAB raises no claim or defense sharing common questions of law or fact with the main action, it is not entitled to permissive intervention. *See* Fed.R.Civ.P. 24(b)(2). In any case, on the confidentiality issue, whatever interest RAB has in the parties' discovery disputes at this point is ade-

---

1. At oral argument on RAB's motion to intervene, the attorney for RAB stated that she also represented the interests of potential resi-dents currently on wait lists for Section 8 housing.

quately represented by Defendant, who vigorously opposed the motion to compel that is the basis of RAB's petition to intervene.

■ Although RAB fails to meet the standard for intervention under Rule 24, a court may nonetheless allow a party to participate in litigation as an amicus curiae where "although short of a right to intervene, the amicus has a special interest that justifies his having a say." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir.1970). In *Harris v. Pernsley*, 820 F.2d 592 (3d Cir.1987), Judge Seitz of the Third Circuit noted:

> [A]lthough the District Attorney is not entitled to intervene as of right, we think it was entirely appropriate for the district court to permit the District Attorney to be heard on the terms of the consent decree, however his status may be otherwise legally characterized. Indeed, permitting persons to appear in court, either as friends of the court or as interveners for a limited purpose, may be advisable where third parties can contribute to the court's understanding of the consequences of the settlement proposed by the parties.

*Id.* at 603. A district court has inherent authority to designate amici curiae to assist it in a proceeding. *Avellino v. Herron*, 991 F.Supp. 730, 732 (E.D.Pa.1998); *Verizon New England v. Maine Pub. Util. Comm'n*, 229 F.R.D. 335, 338 (D.Me.2005); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F.Supp. 1495, 1500 (S.D.Fla.1991); *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D.Mich.1987).

■ Amicus curiae status is generally granted when: (1) the petitioner has a "special interest" in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case. *Sciotto v. Marple Newtown Sch. Dist.*, 70 F.Supp.2d 553, 555 (E.D.Pa.1999). RAB meets these factors. First, it has a "special interest" in ensuring that the rights of nonparty, non-disabled section 8 tenants are represented in the litigation. Second, this interest is not adequately represented by either LRI (which must advocate for the rights of disabled tenants exclusively) or PHA (which may ultimately need to make concessions to disabled tenants at the expense of non-disabled tenants). Third, RAB offers information that is both timely and useful concerning the rights of nonparties who are affected by this litigation. Fourth, there is no indication that RAB favors any particular outcome of the case, so long as the rights of non-disabled Section 8 residents are taken into account. Even if RAB did have a side to which it was partial, "there is no rule ... that amici must be totally disinterested." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982); *see also Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir.2002) (rejecting argument that amicus must be impartial person not motivated by pecuniary concerns).

Courts have found the participation of an amicus especially proper where the amicus will ensure "complete and plenary presentation of difficult issues so that the court may reach a proper decision," *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F.Supp.2d 305, 307 (D.Me.2003) (quoting *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C.1974)), or where an issue of general public interest is at stake, *see Russell v. Bd. of Plumbing Examiners of the County of Westchester*, 74 F.Supp.2d 349, 351 (S.D.N.Y.1999) (primary role of amicus is "to assist the Court in reaching the right decision in a case affected with the interest of the general public"). Here, RAB will ensure a "complete and plenary presenta-

tion of difficult issues" in a case involving important public interests. Although RAB did not so state in its petition to intervene, RAB's attorney explained at oral argument that this case deals with a limited commodity—Section 8 housing vouchers—to which several groups lay strong claims. RAB's limited participation in this suit will serve to keep the Court apprised of the interests of non-disabled Section 8 voucher recipients who may be affected by this case. Moreover, this lawsuit implicates issues of important public concern: the rights of the disabled and the fair administration of public housing programs. Competing interests and weighty policy concerns must be balanced, and there is a substantial likelihood that the additional input of RAB will facilitate the proper resolution of the case.

■ At its core, this case deals with the proper allocation of limited federal government resources among numerous competing stakeholders, and is thus inherently difficult to resolve when some stakeholders have no place at the table. Once the law gives parties the right to have such claims resolved by a court, the law must also provide courts with adequate tools to deal with these claims. Because RAB's participation will assist the Court in reaching a just decision in this case, I will grant RAB a place at the table more significant than that of a "traditional" amicus curiae. *See Gwadowsky,* 297 F.Supp.2d at 307–08 (defining "traditional" amicus status as the right to file briefs on motions before the court). The extent and manner of the participation of an amicus is within the discretion of the court. *Id.* at 307; *Alexander,* 64 F.R.D. at 155; *see also Russell,* 74 F.Supp.2d at 351 (court has discretion to allow amici to, *inter alia,* call and cross-examine witnesses). I will afford RAB certain other rights over and above those of a traditional amicus, a practice which some courts have called granting amicus "plus" status. *See Daggett v. Webster,* 190 F.R.D. 12, 14 (D.Me.1999). As detailed in my Order, in addition to receiving notice of all developments in this case and having the right to file briefs and memoranda, RAB shall also have the right to listen to and comment on matters before the Court. RAB may also bring additional matters to my attention through written correspondence. RAB shall be sent copies of all correspondence between the parties and shall have access to all the parties' discovery materials. However, RAB shall not have a "vote" on matters affecting the parties or otherwise act as a party, and shall perform none of the functions reserved to parties, such as calling or cross-examining witnesses, taking depositions, or requesting the production of documents. These rights and limitations of RAB are set forth without prejudice to any party to request that RAB be excluded in specific instances.

## ORDER

**AND NOW,** this *11*[TH] day of October, 2005, it is **ORDERED** that Movant Resident Advisory Board, Inc. (RAB) is granted the status of Amicus Curiae in Ongoing Litigation. As such, RAB shall have the following rights and be subject to the following limitations:

(1) RAB shall receive notice and service of all documents and events in the case as though it were a party;

(2) RAB shall have the right to file briefs and memoranda on motions before the Court;

(3) RAB shall have the right to attend and/or listen to any and all proceedings before the Court, comment on issues before the Court, and bring issues to the Court's attention through written correspondence with copies to all other parties;

(4) RAB shall be sent copies of all correspondence between the parties;

(5) RAB shall have access to all discovery materials exchanged between the parties;

(6) However, RAB shall not vote or otherwise act as a party;

(7) RAB shall not, without leave of Court, perform functions reserved to parties, including but not limited to: calling or cross-examining witnesses at trial, deposing or asking deposition questions of any witness, propounding interrogatories or requests for admission, or requesting the production of documents.

These rights and limitations of RAB are without prejudice to any party to seek exclusion of RAB in specific instances.