```
                     Environmental Court of Vermont
                            State of Vermont
===============================================================================
                    E N T R Y   R E G A R D I N G   M O T I O N
===============================================================================
```

Champlain Marina Dock Expansion                 Docket No. 28-2-09 Vtec

Project: Expansion of water-borne docks, to accommodate larger boats

Applicant:   Champlain Marina, Inc.
             (Appeal from DEC determination on lake waters encroachment

Title: Motion to Clarify participation of VNRC counsel (Filing No. 16)

Filed:       June 11, 2010

Filed By: Cielo Marie Mendoza, Attorney for Agency of Natural Resources

Response in Opposition filed on 06/11/10 by Appellants "Save the Bay"

Response in Support filed on June 15, 2010 by Cross-Appellant CMI

Reply filed on June 15, 2010 by ANR

Sur-reply in Opposition filed on June 15, 2010 by Appellants "Save the Bay"


___ Granted               _X_ Denied               ___ Other


    By its June 11, 2010 Motion to Clarify, the Vermont Agency of Natural
Resources ("ANR") requests that the Court clarify its ruling of May 19, 2010,
in which we granted the Vermont Natural Resources Council ("VNRC"), as amicus
curiae, permission to cross examine witnesses in the upcoming merits trial.
ANR contends the Court exceeded its authority in permitting VNRC to cross
examine witnesses because participation by amicus curiae is necessarily limited
to the submission of legal briefs.  For the following reasons, we disagree.

    The Vermont Rules of Appellate Procedure expressly authorize the
participation of amicus curiae through the submission of legal briefs.
V.R.A.P. 29.   However, the rules also authorize amicus curiae to make oral
argument before the Vermont Supreme Court.  V.R.A.P. 34(i).  In other words,
amicus curiae are authorized to participate before an appellate court to the
same extent as the principle parties.

    The Rules of Appellate Procedure are made applicable to the Environmental
Court by V.R.E.C.P. 5(a)(2).  In an appeal to the Environmental Court, however,
parties are not limited to submitting briefs and making oral argument.  As a
trial court performing an appellate function, we review de novo the issues
preserved on appeal, taking evidence and testimony as if no proceeding had
previously occurred.  In re Killington, Ltd., 159 Vt. 206, 214 (1992).  It is
inconsistent to allow amicus curiae to perform the same function as the
principle parties at an appellate level, but to prohibit them from
participating to the same extent as the principle parties before this Court.

    A court has "inherent authority to appoint or deny amicus curiae," and
"it is solely within the discretion of the Court to determine the 'fact,
extent, and manner of participation by the amicus.'" Jin v. Ministry of State
Security, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (quoting Cobell v. Norton, 246
F. Supp. 2d 59, 62 (D.D.C. 2003)).  "A court can allow amici to call their own
witnesses and cross examine the witnesses of other parties, but need not do
so." Russell v. Board of Plumbing Examiners, 74 F. Supp. 2d 349, 351 (S.D.N.Y.

1999).  We therefore conclude that we have the discretion to authorize VNRC to cross examine witnesses as amicus curiae in this appeal.  In light of counsel's representation that Appellant Neighbors ("Save the Bay") and VNRC will avoid overlap in their trial participation, we conclude that VNRC's participation will not be unduly burdensome and therefore should be allowed.

This conclusion aligns with the Court's ability to allow such participation by amicus curiae in Act 250 permit appeals.  Title 10 V.S.A. § 6085 allows the Court to permit amicus curiae to cross examine witness and otherwise participate in a pending appeal even though they are not a party.  We see no compelling reason to allow such participation in an Act 250 appeal but not in an appeal of an ANR encroachment permit, particularly when VNRC has represented that it will undertake a limited role in these proceedings.

VNRC has represented that it will not delay the proceedings and it will not call additional witnesses.  Its role will be limited to cross-examining select witnesses in the stead of Appellant Save the Bay.  As a result of these representations, no duplication will occur, and honoring these requests will ensure a complete, yet also summary and expedited proceedings.  Accordingly, we DENY ANR's motion to further clarify or limit VNRC's participation in this proceedings.

_____          ___June 16, 2010___
        Thomas S. Durkin, Judge                        Date
========================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to:

Stephen A. Reynes, Attorney for Appellants "Save the Bay":  Thomas and Margaret Battey, David R. Wood, Kenneth Brown, Marlene Williamson, Laurel Butler, Deborah Rabideau, Wes Weaver, Dennis Reichardt, Linda Jackman, Sam Jackman, Renae Hance, John P. Louchheim, John R. Louchheim, Lindsey Louchheim, Susan R. Louchheim, Stephen C. DePasquale, Jr., Kathryn J. DePasquale, Beverly I. Watson, Gordon A. Watson, Bruce Bouchard, Michelle Bouchard, Joseph H. Boyd, Ann Burzynski, Neil Metzner, Frank Shea, and Catherine Rush.

Craig Weatherly, Attorney for Cross Appellant Champlain Marina, Inc.

Cielo Marie Mendoza, Attorney for the Vermont Agency of Natural Resources

David K. Mears, Attorney for Petitioner to Intervene, VNRC

Jon Groveman, Esq., co-counsel for VNRC

John H. Hasen, Attorney for Vt. Natural Resources Board (FYI purposes only)